UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TERESA J. TURNER, | ) | | |
|---|---|---|---|
| Petitioner, | ) ) ) | | |
| v. | ) ) | Nos. | 3:16-CV-511 3:14-CR-02 |
| UNITED STATES OF AMERICA, | ) ) | | *Judge Jordan* |
| Respondent. | ) ) | | |

## **MEMORANDUM OPINION**

Teresa J. Turner ("Petitioner") has filed this pro se motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 [Doc. 1][1] and a supporting brief [Doc. 2]. The sole claim presented in the § 2255 motion is that Petitioner played a minor role in her offense of conviction and that her sentence should be reduced by 2 levels pursuant to Amendment 794, which amended § 3B1.2 of the United States Sentencing Guidelines ("U.S.S.G.") [Doc. 1].

The Court will not order the United States to respond to the § 2255 motion because the motion on its face, together with the record of the underlying criminal case, conclusively show that Petitioner is not entitled to relief on her claim. Accordingly, the Court will decide the § 2255 motion without an evidentiary hearing. *See United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). For the reasons discussed below, the Court will find that Petitioner waived her right to file a § 2255 motion in her negotiated plea agreement and that, alternatively, her sentencing claim is not cognizable on collateral review and her motion is without merit. The Court, thus, will **DENY** and **DISMISS** the motion **WITH PREJUDICE**.

---

[1] Docket citations in this opinion are to Case No. 3:16-CV-511, unless otherwise noted.

# I. PROCEDURAL AND FACTUAL BACKGROUND

On April 8, 2013, a federal grand jury filed a 25-count indictment against multiple defendants, but only one count involved Petitioner. In Count 1, Petitioner was charged with conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(A)(1) and (B)(1)(A) [Doc. 4 (sealed) and docket entry of Jan. 16, 2014 (unsealing Petitioner's case) in Case No. 3:14-CR-2]. Petitioner was appointed an attorney, but pursuant to her *pro se* motion, the attorney was relieved of the representation and was replaced by a substitute counsel [Docs. 23, 222, and 254 in Case No. 3:14-CR-2].

The parties negotiated a plea agreement, in which Petitioner would plead guilty to Count 1 [Doc. 306 in Case No. 3:14-CR-2]. In that agreement, Petitioner acknowledged that during the course of the conspiracy, she was accountable for distributing at least 50 but less than 150 grams of methamphetamine [*Id.* at ¶3(a) and (s) in Case No. 3:14-CR-2]. Petitioner also agreed that the United States could prove, through witnesses' testimony and recorded and intercepted telephone calls, that on various occasions from May, 2009 to January 14, 2014, Petitioner had obtained methamphetamine from a co-defendant; provided to that co-defendant methamphetamine that she had gotten from a separate source; distributed methamphetamine to others; and engaged in multiple methamphetamine transactions [*Id.* at ¶3(a)-(r) in Case No. 3:14-CR-2]. Petitioner further agreed not to file a direct appeal and to waive her right to file any § 2255 motions or other collateral attacks, with limited exceptions [*Id.* at ¶9(b) in Case No. 3:14-CR-2].

Petitioner pled guilty [Doc. 332 (criminal minutes, Apr. 15, 2014) in Case No. 2:14-CR-2], and thereafter, the U.S. Probation Office prepared a presentence investigation report ("PSR") to assist the Court in her sentencing [Doc. 492 (sealed) in Case No. 3:14-CR-2]. Petitioner's offense level of 29 and criminal history category of III resulted in an advisory guideline range of

108 to 135 months, but because the statutorily authorized minimum sentence of 10 years was greater than the minimum guideline range of 108 months, the guideline range was restricted to 120 to 135 months [*Id.*, in Case No. 3:14-CR-40]. Neither party objected to the PSR.

At sentencing, the Court granted the government's motions for acceptance of responsibility and for a downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(3) [Doc. 587 (criminal minutes, July 29, 2015, granting Docs. 240 and 551)) in Case No. 3:14-CR-2], which reduced Petitioner's advisory guideline range to 78 to 97 months. The Court imposed a 78-month sentence and a 5-year term of supervised release [Docs. 589 in Case No. 3:14-CR-2].

Petitioner did not appeal, in keeping with her limited waiver of her right to appeal as set forth in the plea agreement [Doc. 306 at ¶ 9(a) in Case No.3:14-CR-2]. Thereafter, upon Petitioner's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), her sentence was lowered to 58 months, in accordance with U.S.S.G. Amendments 782 and 788 [Doc. 2 at 2]. On August 18, 2016, more than two years after Petitioner was sentenced, she filed this instant § 2255 motion.[2]

---

[2] Petitioner's judgment issued on July 29, 2014 [Doc. 589 in Case No. 3:14-CR-2], and she did not file a notice of appeal within the required 14 days from judgment. *See* Fed. R. App. P. 4(b)(1)(A)(i). On August 13, 2014, the time to file a notice of appeal lapsed, and Petitioner's conviction became final. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (holding that "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed"). Therefore, Petitioner had one year from August 13, 2014, i.e., until August 13, 2015, to file a timely § 2255 motion. 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). Petitioner's § 2255 motion was filed on August 18, 2016—more than one year too late. Rather than to give the parties notice and an opportunity to present their positions on the timeliness issue, *see Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015), for the sake of judicial efficiency the Court will decide this case on grounds other than a time-bar. *See Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (observing that notice is required where the dismissal is based on procedural grounds, but not where the dismissal is based on the merits).

## II.   STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). To warrant relief under 28 U.S.C. § 2255 for a non-constitutional error, a petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error that violated due process. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir. 2000). A petitioner "must clear a significantly higher hurdle than would exist on direct appeal" to secure collateral relief. *United States v. Frady*, 456 U.S. 152, 166 (1982); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

## III.   DISCUSSION

### A.   Waiver

As noted earlier, in paragraph 9(b) in the plea agreement [Doc. 306 in Case No. 3:14-CR-2], Petitioner waived her right to file a motion to vacate, except as to claims of ineffective assistance and prosecutorial misconduct. It is well recognized that a party may waive a provision intended for her benefit in a contract or statute. *Shutte v. Thompson*, 82 U.S. 151, 21 L.Ed. 123, 15 Wall. 151 (1872). Even fundamental constitutional rights may be waived, and the waiver is enforceable if it is made knowingly and voluntarily. "[A] defendant's informed and voluntary waiver of the right to collaterally attack a conviction and sentence is enforceable." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007); *accord Davila v. United States*, 258 F.3d 448, 450-52 (6th Cir. 2001); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999). Therefore, if Petitioner

understood the terms of the plea agreement and made the waiver of her right to file a § 2255 motion voluntarily and knowingly, the waiver is valid and enforceable.

Here, there is little doubt that Petitioner knowingly and voluntarily entered into the waiver provision in her plea agreement. Although no transcript of the Court's change of plea hearing is in the record, this Court recalls that it verified, in testimony under oath by Petitioner, that she had read the plea agreement or that the plea agreement had been read to her, that she discussed the plea agreement with counsel and understood all its provisions, and that she had had fully discussed the waiver provision with her attorney. Thus, this § 2255 motion, which does not assert ineffective assistance of counsel or prosecutorial misconduct—claims that fall within the limited category of claims that Petitioner retained a right to raise in a § 2255 motion—is barred by the waiver provision.

**B.     Minor Role Adjustment**

Even if not waived by the collateral-review waiver provision in the plea agreement, Petitioner's request for a minor role adjustment is conclusory, otherwise flawed, and also without merit. Petitioner maintains that she should receive a minor role adjustment to her sentence because "she played a minor role in the conspiracy she was charged in based upon the factors that the courts should consider for the sentencing low-level offenders" [Doc. 1 at 5]. Petitioner further maintains that the record is unclear as to whether the Court considered her for a minor role adjustment and, thus, that the Court should consider the factors identified in Amendment 794, apply those factors to her sentence, and grant her a two-level reduction [Doc. 2 at 5].

Petitioner's claim fails for several reasons. First, Petitioner provides only the conclusory statement that her role in the conspiracy was minor without any supporting facts. Petitioner must allege facts, not conclusions, and a claim without substantiating allegations of fact lacks legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

5

Second, despite the conclusory aspect of the claim, Petitioner states that she is seeking relief based on Amendment 794 to USSG § 3B1.2, a sentencing guideline that provides for a two-level decrease in the offense level if a "defendant was a minor participant in any criminal activity." Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 2685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

As the above discussion makes clear, a request to reduce a sentence must be brought by filing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). Petitioner must seek a reduction of her sentence in a § 3582(c) motion, not in a § 2255 motion. Indeed, Petitioner's request for a minor role adjustment in her sentencing is not a cognizable claim that is reviewable in a motion to vacate. *Coleman v. United States*, No. 2:14-CR-28-RLJ-MCLC, 2018 WL 3150452, at *8 (E.D. Tenn. June 27, 2018) (explaining that a sentence reduction request is not cognizable in a § 2255 motion), *dismissed in part*, No. 2:14-CR-28-RLJ-MCLC, 2018 WL 3625830 (E.D. Tenn. July 30, 2018).

Even if review of Petitioner's claim were appropriate in a § 2255 motion, Amendment 794 is a "clarifying amendment." *United States v. Carter*, 662 F. App'x 342, 349 (6th Cir. 2016). If a petitioner does not attack her sentence on direct appeal (and Petitioner did not), "a clarifying amendment may provide the basis for § 2255 relief only if it brings to light a 'complete miscarriage

of justice.'" *Diaz v. United States*, No. 16-6834, 2017 WL 6569901, at *1 (6th Cir. June 23, 2017) (quoting *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996)). "A prisoner may challenge a sentencing error as a 'fundamental defect' on collateral review when [s]he can prove that [s]he is either actually innocent of h[er] crime or that a prior conviction used to enhance h[er] sentence has been vacated." *Spencer v. United States*, 773 F.3d 1132, 1139 (11th Cir. 2014). Nothing alleged by Petitioner furnishes a basis for finding that a miscarriage of justice will occur if she is not given a minor-role adjustment to her sentence. Therefore, Petitioner's argument that she is entitled to a sentence reduction pursuant to Amendment 794 is without merit.

## IV. CONCLUSION

For the reasons discussed in this Memorandum Opinion, Petitioner's motion to vacate, set aside, or correct her sentence [Doc. 1] will be **DENIED** and **DISMISSED**.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that reasonable jurists would debate the correctness of the Court's procedural ruling. *Id.*; *Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of this claim was debatable or wrong. Because reasonable jurists could not disagree with the Court's denial of the § 2255 motion and could not

conclude that issues offered in the motion are "adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), the Court will **DENY** issuance of a certificate of appealability. Fed. R. App. P. 22(b). Finally, the Court will **CERTIFY** that any appeal from this action would not be taken in good faith, Fed. R. App. P. 24(a), and thus will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.

A separate judgment will enter.

        **IT IS SO ORDERED.**

                                                ENTER:

                                                    s/ Leon Jordan
                                        United States District Judge